UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LESLEY COLE and LORNA COLE                                      PLAINTIFFS

V.                                            CIVIL ACTION NO. 1:06CV394 LTS-JMR

MATTINA INSURANCE AGENCY, INC.;
AMFED COMPANIES, LLC; and
LEXINGTON INSURANCE COMPANY                                     DEFENDANTS

## MEMORANDUM OPINION

The Court has before it Plaintiffs Lesley Cole and Lorna Cole's motion to remand.  For the reasons discussed below, this motion will be granted.

The Coles are Mississippians, and two of the named defendants, Mattina Insurance Agency, Inc. (Mattina) and AmFed Companies, LLC (AmFed), are Mississippi corporations.  The citizenship of Defendant Lexington Insurance Company (Lexington) is diverse from the plaintiffs.  The face of the complaint shows that the Court's jurisdictional minimum amount in controversy has been met.  The complaint alleges that Lexington is not authorized to do business in Mississippi.

Removal is premised on the defendants' assertion that the Coles have fraudulently joined Mattina and AmFed as defendants, and, having made that assertion, the defendants bear the burden of proving it to be true.  B., Inc., v. Miller Brewing Co., 663 F.2d 545 (5th Cir.1981).  The defendants' burden has been characterized as a heavy one because, in making the assessment whether joinder of a non-diverse defendant is fraudulent or legitimate, the district court must assume all the well-pleaded facts in the complaint to be true, must grant the plaintiffs all reasonable favorable inferences, and must resolve all doubtful issues of state law in favor of the party seeking remand. Dodson v. Spiliada Maritime Corp., 951 F2d 40 (5th Cir.1992); Hart v. Bayer Corp., 199 F.3d 239 (5th Cir.2000).

Under these guidelines, this court must determine whether there is any reasonable basis upon which the plaintiffs could prevail and establish a right of recovery against the non-diverse defendants. If there is such a basis, the case must be remanded for resolution in the court where the action was originally filed.

The state court complaint alleges that the plaintiffs were the owners of a home located at 1974 El Camino Drive, Biloxi, Mississippi. The Coles allege that their home was damaged in Hurricane Katrina, and at the time it was damaged that it was insured under a policy issued by Defendant Lexington. The Coles further allege that payment of their claim for damages under the Lexington policy was wrongfully refused. Finally, the Coles allege that the refusal to pay the benefits they believe to be owed under the terms of the policy was the product of gross negligence and bad faith on the part of all of the defendants.

The defendants' allegation of fraudulent joinder is based upon their assertion that, as a matter of law, neither Mattina nor AmFed can possibly be liable for policy benefits. The defendants contend that the Coles have fraudulently joined Mattina and AmFed in order to defeat diversity jurisdiction.

The Coles assert that both Mattina and AmFed are potentially liable on the insurance contract under §83-17-3 Miss. Code Ann. (1972):

> §83-17-3. Personal liability of agents
> An insurance agent shall be personally liable on all contracts of insurance unlawfully made by or through him, directly or indirectly, for or in behalf of any company not authorized to do business in this state.

The Coles assert that Lexington was not authorized to do business in Mississippi, and that the Lexington policy was unlawfully made because it did not contain the notice required by §83-21-19:

> §83-21-19 Privilege licensing of resident and nonresident agents
>     for placing surplus lines insurance
> The Commissioner of Insurance, upon the annual payment of a fee of Fifty Dollars ($50.00), may issue to a licensed resident or nonresident agent (based upon a reciprocal agreement with the state of the nonresident agent), who is regularly commissioned to represent two (2) or more fire, marine, casualty or surety

insurance companies licensed to do business in the state, a privilege license to place kinds of direct insurance affected hereby, to be evidenced by policies of insurance or certificates of insurance, in eligible nonadmitted insurers authorized to do business in this state. Every insurance contract procured and delivered pursuant to Sections 83-21-17 through 83-21-31shall have stamped upon it, in bold 10-point type, and bear the name of the agent who procured it, the following: "NOTE: This insurance policy is issued pursuant to Mississippi law covering surplus lines insurance. The company issuing the policy is not licensed by the State of Mississippi, but is authorized to do business in Mississippi as a nonadmitted company. The policy is not protected by the Mississippi Insurance Guaranty Association in the event of the insurer's insolvency." No diminution of the license fee herein provided shall occur as to any license effective after January 1 of any year. The Commissioner of Insurance may require written application for such license.

The declarations page of the Lexington policy carried the following statement:

This insurance is issued pursuant to MS surplus lines law. Persons insured by surplus lines carriers do not have the protection of the MS Insurance Guaranty Act to the extent of any right of recovery for the obligation of an insolvent, unlicensed insurer.

AmFed Companies, LLC, is identified on the declarations page as the broker for the policy, and Mattina Insurance Agency, Inc., is identified as the sub-broker. Michael Richardson, a representative of Mattina, countersigned the declarations page. The Coles also contend that Mattina is liable on the insurance contract because the declarations page was countersigned by a Mattina representative.

Neither party has seen fit to provide the Court with a copy of the Lexington insurance policy. The declarations page does not bear the statutory language required by §83-21-19. While the statement that does appear on the declarations sheet carries similar information to the statutory language, it is not identical.

The question whether the difference in the two statements is substantial enough to render the insurance contract unlawful within the meaning of §83-17-3 is an issue that goes to the merits of the plaintiffs' theory of recovery against both Mattina and AmFed.  See Ritchie v. Smith, 311 So.2d 642 (Miss.1975).

In the context of the removal of an action based on allegations of fraudulent joinder, the Court is obliged to resolve all doubtful issues of law in favor of the party seeking remand.

Accordingly, I find that the plaintiffs have alleged sufficient facts and have raised sufficient issues of law to state a potential right of action against both Mattina and AmFed.  Of course, I express no opinion on the merits of the plaintiffs' claims nor on the merits of the legal issues involved therein.  The relevant facts underlying the plaintiffs' claims against all the defendants and the relevant legal issues surrounding these facts are matters to be resolved on the merits by the court in which this action was filed.

Accordingly, I will grant the plaintiffs' motion to remand.  An appropriate order will be entered.

**SO ORDERED** this 15th day of May, 2006.

s/ *L. T. Senter, Jr.*

L. T. Senter, Jr.
Senior Judge